UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY EARL REED, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-10878** |
| **STATE OF LOUISIANA** | **SECTION "A"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge for the purpose of a hearing, including an evidentiary hearing, if necessary, and submission of findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(b)**.[1] Because the plaintiff is a prisoner seeking redress from a governmental entity or official, the Court as an initial matter shall conduct its statutorily mandated review for frivolousness pursuant to **28 U.S.C. § 1915A**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

The plaintiff, Johnny Earl Reed III ("Reed"), is an inmate housed in the Riverbend Detention Center in Lake Providence, Louisiana.[2] He filed this *pro se* petition for issuance of a writ of mandamus compelling the Louisiana 15th Judicial District Court for Acadia Parish to produce to him certain documents and transcripts related to his prior criminal case so that he can review them for potential errors to be raised in challenging his 2012 conviction.

---

[1] Rec. Doc. No. 8. Title 28 U.S.C. § 636(b)(1)(B) provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." This case is not an excepted dispositive motion, an application for post-trial relief, or a petition challenging conditions of confinement. It is presumed that the referral was intended to fall under § 636(b)(3) and L.R. 73.3.

[2] Rec. Doc. No. 9.

Reed alleges that he was convicted in Acadia Parish on 2012 and sentenced to serve 20 years in prison for attempted sexual battery.[3]  He contends that his requests to the state courts for these copies have been unsuccessful.  He claims that under state law and due process considerations he is entitled to copies of these documents and transcripts to assist in his pursuit of state post-conviction relief.

**II.    Standards of Review**

Title 28 U.S.C. § 1915A requires the Court to *sua sponte* dismiss any civil complaint filed by a prisoner upon a determination that it is frivolous, malicious, or fails to state a claim for which relief may be granted.  The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318, 326-27 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176

---

[3] Rec. Doc. No. 9, pp. 1-2.

2

(5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. Analysis

Reeds seeks issuance of a mandamus to order the 15th Judicial District Court to provide him with copies of the desired documents and transcripts. His petition, however, fails to provide a basis for venue in this Court and fails to state a non-frivolous claim or one for which relief can be granted by this Court.

#### A. Improper Venue

Venue in federal mandamus action follows the general venue provisions under 28 U.S.C. § 1391(e), which provides that venue falls in any district where the defendant resides, a substantial part of the events or omissions alleged took place, or a substantial part of the property involved is situated. *See Blakely v. Lew*, 607 F. App'x 15, 17 (2d Cir. 2015). The same is true for venue under for federal civil rights suits brought by prisoners against under 28 U.S.C. § 1983 *et seq*.

In this case, Reed is housed in a state prison facility located within the Western District of Louisiana. 28 U.S.C. § 98(c). Acadia Parish, as well as Lafayette and Vermilion Parishes forming the 15th Judicial District Court for the State of Louisiana, also fall within the boundaries of the Western District. *Id*. Reed has not presented any basis for venue within the Eastern District of Louisiana under the general venue provisions applicable to mandamus or to traditional prisoner civil rights suits under § 1983. The petition may dismissed for having been brought in an improper venue.

#### B. Frivolousness

The authority of a federal district court to address mandamus falls under 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature

3

of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." As codified under § 1361, this federal writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).

Reed has not here named an officer or employee of the United States for this Court to compel by mandamus. He instead has named only the State of Louisiana, and requested that a state entity, the 15th Judicial District Court, be made to produce the documents he seeks. He therefore fails to invoke the mandamus authority of this federal district court.

Further, Reed has not alleged or shown that the State or the referenced state district court owe him a constitutional duty to provide the records he now seeks or that the respondent actually possesses any or all of the records he requests. Reed concedes that his requests for the copies were considered and denied by the state judicial officers who found he was not entitled to the copies.[4] He nevertheless asks this Court to compel the state courts to act contrary to their prior rulings and provide him with the copies he seeks.

However, it is well established that federal district courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *see Simpson v. Clement*, No. 14-1040, 2014 WL 4084985, at *1 (E.D. La. Aug. 14, 2014) (Zainey, J.). This Court is without power to order the State of Louisiana, or the state court, to provide any documents to Reed. *See Santee v. Quinlan*, 115 F.3d

---

[4]To the extent Reed seeks review of those rulings here, he is not entitled to relief. Federal district courts, as courts of original jurisdiction, do not sit as appellate courts to review, modify, nullify, or enforce the orders of the state courts. *Accord Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994); *Hale v. Harney*, 786 F.2d 688, 690-91 (5th Cir. 1986); *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir. 1984).

355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); *Cross v. Texas*, 508 F. App'x 290, 291 (5th Cir. 2013) (same); *Conner v. Tex. Ct. of Crim. Appeals*, 481 F. App'x 952, 953 (5th Cir. 2012).  His petition, therefore, is frivolous and otherwise fails to state a claim for which this Court can grant relief.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Reed's Petition for issuance of a Writ of Mandamus be **DENIED** and **DISMISSED WITH PREJUDICE** for improper venue and as frivolous and otherwise for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[5]

New Orleans, Louisiana, this 14th day of June, 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.